# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts

---

## KAEISER *v.* ILLINOIS CENT. R. Co.

### *(Circuit Court, D. Iowa.* October 20, 1880.)

**1. REMOVAL—WHEN REQUISITE CITIZENSHIP MUST EXIST.**
   A case cannot be removed, under the act of 1875, on the ground of citizenship, unless it appears from the record that at the time the suit was commenced the parties were citizens of different states.

**2. SAME—AMENDMENT OF RECORD.**
   In such case, an amended transcript may be filed, where the record in the state court did in fact disclose the requisite citizenship, under the statute, before the order of removal was made.

**3. SAME—SAME.**
   *Quare,* whether such record of the state court can be amended so as to conform to the statute, where the term has passed "at which by law the cause could be first tried" in the state court.—[ED.

Petition for Removal.

On the third day of February, 1880, the plaintiff commenced his action in the district court of Cherokee county, Iowa. Defendant appeared in the state court at the February term, 1880, and at that term the plaintiff filed his petition for removal to this court:

*In the District Court of the State of Iowa, in and for Cherokee
County.*

W. M. KAEISER, Plaintiff, *vs.* THE ILLINOIS CENTRAL RAIL-
ROAD COMPANY, Defendant.

PETITION FOR REMOVAL.

*To the said District Court:*

Your petitioner respectfully represents that he is a resi-
dent of Polk county, in the state of Iowa; that the defend-
ant, the Illinois Central Railroad Company, is a corporation
duly and legally organized under the laws of the state of Illi-
nois; that this suit is a suit at law, and of a civil nature,
and that the amount in dispute exceeds, exclusive of costs,
the sum of five hundred ($500) dollars; wherefore your peti-
tioner prays that an order be made removing this suit to the
United States circuit court for the district of Iowa, in accord-
ance with the provisions of section 639 of the Revised Stat-
utes of the United States.

W. M. KAEISER,

By BERRYHILL & HENRY,

A. B. & J. C. CUMMINS,

His Attorneys.

*State of Iowa, Polk County—ss.:*

I, W. M. Kaeiser, being sworn, do say that I have read the
foregoing petition, and that the statements thereof are true,
as I verily believe.

W. M. KAEISER.

Subscribed and sworn to by said W. M. Kaeiser, this four-
teenth day of February, 1880, before me.

[Seal.]                    GEO. F. HENRY, Notary Public.

Filed February 17, 1880.

OSCAR CHASE, Clerk.

An order of removal was made, and a transcript of the
record has been filed in this court. Answer has been filed
here, and a demurrer thereto has been argued; but the court,
doubting its jurisdiction, called the attention of counsel to

the question of the sufficiency of the petition for removal, and requested their views in writing thereon.

These having been furnished, the question has been fully considered by the full bench, with the result stated in the following opinion.

*A. B. & J. C. Cummins* and *Berryhill & Henry*, for plaintiff.

*John F. Duncombe*, for defendant.

McCRARY, C. J. It was settled by the case of *Ins. Co.* v. *Pechner*, 95 U. S. 183, that under the twelfth section of the judiciary act of 1789, embodied in section 639 of the Revised Statutes, a cause cannot be removed from a state to a federal court unless the petition for removal or the record of the cause affirmatively shows that at the time of the commencement of the suit the parties were citizens of different states. The right of removal was held to be statutory, and it was decided that before a party can avail himself of it, to oust the jurisdiction of a state court, he must show, upon the record, that his case is one which comes within the provisions of the statute. It is also clear, upon the authority of the case just cited, as well as upon well-settled principles, that the removal of the record of a cause from a state court into this court, where neither the petition for removal nor the record shows that the case is removable, is an utterly void proceeding, which neither confers jurisdiction upon this court nor takes it from the state court.

Under the act above cited the fact of the citizenship of the parties at the time of the commencement of the suit is jurisdictional, and must in every case appear in the record. The fact that it may exist *in pais* is of no importance, since the court cannot look beyond the record to ascertain it, and, if it did, could not in that way acquire jurisdiction.

That the parties might have made a showing upon which the case could have been removed cannot avail them if they have not in fact done so.

The rule which requires that in the federal courts all jurisdictional facts shall appear in the record, applies with even greater force to causes removed from the state courts than to

those originally commenced in the federal courts. In causes removed the federal court must look to the record not only to ascertain whether it has acquired jurisdiction, but also to determine whether another court of co-ordinate powers has been deprived of it. If, therefore, this application to remove had been made under the provisions of said section 639 of the Revised Statutes, the insufficiency of the proceeding to confer jurisdiction upon this court would be very apparent. While the application states it is made under that section, we must suppose that this statement was inadvertently made, since by that section only the defendant can remove a cause on the ground of the citizenship of the parties, while, as already seen, this application is made by the plaintiff.

We will therefore consider the application as made under the act of March 3, 1875, which permits a removal upon the application of either party. Does this act, like section 639 of the Revised Statutes, require that the record shall disclose the citizenship of the parties at the time of the commencement of the suit? The two statutes, so far as they bear upon this question, are not identical in phraseology, but are, I think, substantially identical in meaning. The language of the former is: "Any suit commenced in any state court * * * may be removed for trial, * * * when the suit is * * * by a citizen of the state wherein it is brought, and against a citizen of another state." The language of the latter is: "Any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove," etc. The words "any suit *commenced*," in the former act, which have been held by the supreme court to fix the time at which it must appear that the parties were citizens of different states, are identical in meaning with the words "hereafter brought," in the act of 1875. The phrases "any suit commenced" and "any suit brought" mean precisely the same thing. And so the language "when the suit is by a citizen of a state wherein it is brought, and against a citizen of another state," found in the former law, must, at least so far as the question now

under consideration is concerned, be regarded as equivalent to that in the latter act—"a controversy between citizens of different states."

The meaning in both cases is that the controversy must be between citizens of different states when the suit is commenced or brought. It follows that under the act of 1875, as well as under the previous law, a case cannot be removed from a state to a federal court, on the ground of citizenship of the parties, unless it appears from the record that at the time the suit was commenced the parties to it were citizens of different states; and, as this does not appear from the record in this case, the removal was unauthorized, and this court has no jurisdiction. The plaintiff, anticipating this ruling, has moved the court for leave to file an amended transcript. It does not appear whether this is for the purpose of amending the record of the state court so as to conform to the statute, or with a view to showing, by a more complete transcript, that the record did in fact disclose the citizenship of the parties at the time of the petition for removal. If the latter is the purpose of the plaintiff, there can be no question as to the propriety of permitting the amendment, since it is without doubt his right to correct the transcript so that it will show all that appeared of record in the state court when the order of removal was made; but if the purpose is at this time to change the record of the state court so as to show the facts necessary to authorize the removal, a question of great doubt must arise as to the right of the plaintiff, in this way and at this time, to bring his case within our jurisdiction.

It is clear that, assuming that we have before us the complete record up to the present moment, the cause has not been removed. It has remained, in contemplation of law, pending in the state court. That court might have proceeded to final judgment, notwithstanding the proceeding by which a removal has been attempted. The order of the state court purporting to remove the cause did not divest that court of jurisdiction any more than a refusal to make such an order in a case coming within the law would deprive the federal

court of jurisdiction. The question then is, can the cause be now removed?—for an amendment of the record at this time, so as to show the necessary jurisdictional facts, could be equivalent to a removal at this time. With respect to the time of removal, the statute provides that the petition therefor shall be filed in the state court "before or at the term at which said cause could be first tried." This means, as has been repeatedly held in this circuit, the term at which by law the cause could first be tried; not necessarily the term at which the parties are ready for trial.

If it be that this term has not yet passed, a removal is still permitted by the statute; but if it has passed, the question is whether it is not too late to remove the cause, either by a new petition or an amendment of the record. This question will not necessarily arise until the amended transcript is presented, and is therefore not finally passed upon.

Leave is granted to file an amended transcript, if plaintiff still desires to do so, otherwise the cause will be remanded.

MILLER, C. J., concurs.

NOTE. See *Curtin* v. *Decker*, 5 FED. REP. 385, and *Beede* v. *Cheeney*, Id. 388.