# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

### GOODNOW *v.* GRAYSON, Adm'r, etc.

#### (*Circuit Court, N. D. Iowa, C. D.* January Term, 1883.)

1. REMOVAL OF CAUSE—PREJUDICE AND LOCAL-INFLUENCE ACT.

Under the prejudice and local-influence act a party, to have the right of removal, must be a non-resident when the petition for removal is filed. So, where a party, having a right to remove a suit into the federal court from a state court, fails to exercise that right, and subsequently removes into and becomes a citizen of the state where suit is brought, the right of removal is defeated and terminated by the change of citizenship.

2. SAME—ADMINISTRATOR SUBSTITUTED AS PARTY.

Where a non-resident, having a right to the removal of suit into the federal court, fails to exercise that right, and removes into the state where suit is brought and becomes a citizen thereof and there dies, his executor or administrator substituted for him in the suit cannot remove it into the federal court.

Motion to Remand Cause to State Court.

In August, 1876, this suit was brought in the circuit court of Webster county, Iowa, by the present complainant, then and now a citizen of New York, against Grace H. Litchfield, a citizen of New York and Webster county, Iowa, as co-defendant, to recover the amount of certain taxes paid by the Iowa Homestead Company, an Iowa corporation, upon realty situated in Iowa, the title to which had been in dispute between the homestead company and Mrs. Litchfield, but which was finally adjudged to be the property of the latter.

v.15,no.1—1

The homestead company claimed that it was entitled to recover back the sums by it paid to discharge the taxes on the realty, as such payment inured to the benefit of Mrs. Litchfield, and it assigned this claim and all rights under it to E. R. Goodnow, who thereupon instituted this proceeding in equity, praying, among other things, that the amount advanced in payment of taxes should be declared an equitable lien on the realty. January 19, 1877, Grace H. Litchfield filed an answer to the merits of the bill, and on April 8, 1879, filed a petition for a removal of the cause to the United States court. No action was taken thereon in the state court, nor did Mrs. Litchfield file a transcript of the record in the federal court. June 29, 1880, Mrs. Litchfield filed an amendment to her answer in the state court, and December 14, 1880, procured an order requiring complainant to give security for costs in the state court. In October, 1881, Mrs. Litchfield died, and R. O. Grayson, a citizen of Iowa, was appointed her administrator, and on September 14, 1882, he was substituted as defendant in place of Mrs. Litchfield, and on October 2, 1882, he filed a petition for removal of the cause to this court, under clause 3 of section 639 of the Revised Statutes, averring therein that the assignment of the cause of action by the homestead company to complainant was colorable only, and that the company remained the real party in interest. The state court refused to grant the order of removal, and Grayson procured a transcript of the record, and filed the same in this court, whereupon complainant moved to remand the cause.

*M. D. O'Connell* and *Geo. Crane,* for complainant.

*C. H. Gatch,* for Grayson, administrator.

SHIRAS, J. 1. The record shows that Grace H. Litchfield never invoked the action of the state court upon the petition for removal filed during her life-time. She simply filed it, and then ignored its existence. She took no steps to bring a transcript of the record into the United States court. She appeared in the state court and asked and obtained leave to amend the pleadings, and also demanded security for costs in that court. In other words, up to the time of her death, which was over two years after the date of the filing of the petition for removal, she fully recognized the jurisdiction of the state court, without protest, and without invoking the action of the state court upon the petition for removal. The facts do not present a case wherein a party having properly asked a removal, which is refused by the state court, then under protest continues to defend his rights in the state tribunal.

If Mrs. Litchfield had invoked the action of the state court, and upon its refusal to transfer the cause she had then endeavored to protect her rights in the state court, she would not have forfeited her right of removal. She would then be within the protection of the rule recognized in *Railroad Co.* v. *Koontz,* 103 U. S. 5. Under the facts, however, of this case, it must be held that Mrs. Litchfield never perfected the removal of the cause, but, on the contrary, that she abandoned her petition for removal, and fully recognized and submitted to the jurisdiction of the state court. This is further evidenced by the fact that the administrator did not rely upon the petition for removal filed by Mrs. Litchfield, but after his appointment he filed a second and independent petition. Under these circumstances it is clear that the cause has not been removed to this court by virtue of the petition filed during the life-time of Mrs. Litchfield.

2. Has this court obtained jurisdiction through the action of the administrator, who has filed a petition asking a removal under clause 3 of section 639 of the Revised Statutes? The theory upon which this petition proceeds is that the controversy, when the suit was commenced, was in fact between the Iowa Homestead Company, a corporation organized under the laws of Iowa, and Grace H. Litchfield, a citizen of New York, the transfer and assignment of the cause of action to E. K. Goodnow being colorable only; and that, as the real parties in interest were citizens of different states, the cause was removable under clause 3 of section 639 of the Revised Statutes, at any time before the final trial, and that the death of Mrs. Litchfield and the substitution of her administrator did not defeat the right of removal, even if the administrator is a citizen of Iowa.

As presented by counsel, the question for determination, therefore, resolves itself into the following:

If A., a citizen of Iowa, sues B., a citizen of New York, in a state court in Iowa, for an amount in excess of $500, and B. joins issue therein, and the cause is continued over several terms, no application for a removal of the cause to the federal court having been made, and before trial B. dies, and thereupon C., a citizen of Iowa, is appointed administrator of B.'s estate, and is substituted as defendant in the cause, can C., as administrator, remove the cause into the federal court, under clause 3 of section 639?

It is settled that under the act of 1789, when the right of removal is dependent upon the citizenship of the parties, such diverse citizenship must exist at the time the suit was commenced. *Ins. Co.* v. *Pechner,* 95 U. S. 183. The same construction is applied when the

removal is sought under the act of 1875. *Kaeiser* v. *Ill. Cent. R. R.* 2 McCrary, 187; [S. C. 6 FED. REP. 1.]

It is further settled that when a party to a suit pending in the United States court dies, and his administrator or executor is substituted for the decedent, the suit does not abate, but the cause continues; and that the jurisdiction of the federal court, having attached during the life-time of the decedent, is not terminated or affected by the substitution of an administrator or executor who is a citizen of the state whereof the other litigants are citizens. *Clark* v. *Mathewson*, 12 Pet. 164; *Morgan* v. *Morgan*, 2 Wheat. 290; *Clark* v. *Dunn*, 8 Pet. 1. When, however, suits are instituted by or against administrators or executors in the first instance, then jurisdiction and the right of removal is dependent upon the citizenship of the person acting as administrator or executor, and not upon the citizenship of the decedent, creditors, legatees, or other beneficiaries. *Riel* v. *Houston*, 13 Wall. 66; *Amory* v. *Amory*, 95 U. S. 186. None of these authorities, however, exactly touch the question now before the court. Assuming that Grace H. Litchfield had the *right* of removal, she did not exercise it during her life-time. The jurisdiction of the United States court, therefore, did not attach to the case during her life-time. Did the right of removal possessed by her, at the instant of her death pass to her administrator? If the right of removal existed when the suit was commenced, could such right be terminated by a change of residence on part of Mrs. Litchfield or on part of her administrator?

In the case of *Relfe* v. *Rundle*, 103 U. S. 222, a case was removed from the state court by a trustee of an insolvent insurance company, who was substituted in the cause as the representative of an insolvent and virtually extinct corporation, and it would seem as though the court placed the right of removal upon the citizenship of the trustee, who was substituted in the cause after its commencement; but it is not made clear beyond question that such was the view of the supreme court. If it be true that the supreme court did place the right of removal upon the fact that the trustee was a citizen of Missouri, then it would seem to follow that if he had been a citizen of Louisiana he could not have removed the cause, even though the corporation which he represented had been a citizen of Missouri, and hence could have removed the cause. This would, in principle, be decisive of the question now before the court, but the facts of that case show that the insolvent corporation was a citizen of Missouri,

and in the opinion this fact is stated as though it might have weight upon the question, and hence it is not clear that the supreme court rested the right of removal upon the sole fact of the citizenship of the trustee.

On principle, the question, in my judgment, resolves itself into the proposition whether Mrs. Litchfield could, after the cause had been commenced, have removed to and become a citizen of Iowa, and still retained the right of removal under the local-prejudice act. That act gave the right of removal to the party who was a non-resident of the state wherein the suit was pending, and seems to proceed upon the theory that, by reason of such non-residency, a prejudice or local influence may exist against the non-resident, which will prevent the non-resident from obtaining justice in the local court. If, then, a non-resident, after being sued in the state court, before trial removes to and becomes a citizen of the state wherein the litigation is pending, has not the fundamental reason, upon which removals are permitted under this act, ceased to exist, and does it not follow that the right of removal has ceased to exist? In my judgment, the party asking a removal under the act of 1867 must be a non-resident when the petition for removal is filed; and hence, if Mrs. Litchfield during her life-time had removed to Iowa, such change of citizenship would have defeated or terminated the right of removal. If the jurisdiction of the United States court had attached, and then she had removed to Iowa, such change of citizenship would not have affected the jurisdiction that had already attached.

If then, Mrs. Litchfield, by removing to Iowa, would have terminated the right of removal, should not the same result follow if the party who is substituted for her, and succeeds to her rights, is a citizen of Iowa? Viewing the question in the light of the position taken by counsel for the administrator,—*i. e.,* that the administrator succeeds to, and stands exactly in the place of, the decedent,—it still seems to me that when the *administrator* asks to remove the cause, the court must consider the question in the light of the facts as they now exist, and that in this view, as already stated, it must be held that the *party* to the suit had removed from New York to Iowa, and that it makes no difference whether such removal took place during the life-time of Mrs. Litchfield, or after her death, by substituting in her place a citizen of Iowa. The fact in either case would be the same, to-wit, that the application for removal is made by one who is a citizen of Iowa, and, being such, a removal cannot be had at his instance under the act of 1867, as the right, under that act, is re-

stricted to non-residents. If, however, the question is to be determined by the citizenship of the parties to the record at the time the administrator became a party to the record, which position is sustained by our view of the ruling in *Relfe* v. *Rundle, supra,* and also by the case of *Burdick* v. *Peterson,* 2 McCrary, 135, [S. C. 6 FED. REP. 480,] the same result follows, as the administrator was then a citizen of Iowa, and hence could not remove the cause under the act of 1867. Under either view, Grayson did not possess the right of removal under the act of 1867 at any time, and hence the cause could not be removed to this court under that act. The motion to remand must therefore be sustained.