(84 N. W. Rep. 579.)

JOHN H. WISHEK *vs.* CHRISTIAN BECKER.

Opinion filed December 5, 1900.

### County Judge—Malfeasance—Action to Remove—Parties—Complaint.

When this action was instituted the defendant was an incumbent of the office of county judge of the county of McIntosh, N. D., and held said office by virtue of an election thereto. Defendant's original title to said office is not in question in this action, nor does the complaint allege that the plaintiff has a special interest in the result of this action which is peculiar to himself. The sole object of the action is to remove the defendant from said office. As grounds of action, the complaint charges the defendant with the forgery of a promissory note; also with divers acts of malfeasance, crime and misdemeanor in office; also with gross incompetency. A preliminary motion was made in the District Court to dismiss the action upon the ground that that court was without jurisdiction of the subject-matter of the action. This motion was denied. *Held,* that this ruling was error.

### Allegations of Complaint.

The complaint omitted to aver that the defendant had usurped or intruded into said office, or was unlawfully holding or exercising the powers of the same. Nor does the complaint allege that the defendant had done or suffered any act which, "by the provisions of law," operated to work a forfeiture of the office or to create a vacancy therein. *Held,* that the action does not lie under the provisions of chapter 24 of the Code of Civil Procedure, for two reasons: (a) That a private person who has no special interest in the result of the action which is peculiar to himself cannot institute an action in his own name under said chapter; (b) that the complaint did not state a cause of action under said chapter.

### Procedure.

Construing section 5741, Rev. Codes 1899, *held,* that said section deals with procedure only, and the said section must be so construed as not to enlarge the grounds of action or the remedies which were obtainable by the quo warranto proceeding which existed prior to the enactment of said section.

### Action Not Brought in Name of Individual.

*Held,* further where the object of the suit is only to remove the defendant from office upon some or all the grounds of removal enumerated in the constitution and statutes, that a civil action, under chapter 24, does not lie in any case, unless facts are alleged showing that the special remedies provided for removals from office, under the Codes of Civil and Criminal Procedure, are inadequate for the purpose. Removals from office in this state may be made by the various methods elaborated for the purpose in the constitution and

statutes of the state. These methods are exclusive, unless it shall appear by the complaint, in an action brought under chapter 24, supra, that some of the causes 'of removal enumerated in section 5743 of that chapter are set out as grounds of action; nor can such an action be brought by an individual in his own name, under chapter 24, unless the complaint shows that the plaintiff has a special interest in the action.

### Statute Not Self Executing.

Sections 361, 362, Rev. Codes 1899, construed. *Held* that, when construed together, said sections provide, in effect, that the removals from office contemplated by the same can be effected only "in the manner provided in the Codes of Civil or Criminal Procedure." Neither of said sections attempts to provide a procedure, nor are either of the same self-executing.

### Action For Removal Not Brought in Name of County.

Section 362 cannot, under existing laws, be enforced literally, because the several remedies for removals from office, as expressly provided in the Codes of Civil and Criminal Procedure, will not, under any circumstances, permit an action to remove an officer to be instituted in the name of a county, nor in the name of an individual, unless the averments in the complaint state a cause of action arising in favor of an individual, under the provisions of chapter 24 of the Civil Code.

Appeal from District Court, McIntosh County; *Winchester,* J., presiding by request.

Action by John H. Wishek against Christian Becker, county judge. Judgment for defendant. Plaintiff appeals.

Affirmed.

*A. W. Clyde,* for appellant.

*L. T. Boucher,* for respondent.

WALLIN, J. This is a civil action brought by the plaintiff to remove the defendant from the office of judge of the County Court of the county of McIntosh. The District Court, sitting without a jury, and after a trial of the action upon its merits, made and filed its findings, including findings of both law and fact, and thereby fully exonerated the defendant from the various charges against him, as set forth in the complaint. Pursuant to such findings, judgment was entered in the trial court dismissing the action, with costs. From such judgment the plaintiff has appealed to this court, and demanded a retrial here of certain questions of fact, which are specified in the statement of the case.

It is undisputed that the defendant, after holding said office of county judge for the two terms next preceding, was re-elected, and, after qualifying therefor by taking the official oath and giving a bond, entered upon the discharge of the duties of said office for the term commencing on the first Monday in January, 1899; and it further appears that the defendant, when this action was instituted, was, and ever since has been, an incumbent thereof.

The evidence transmitted to this court is voluminous, but, in the

view which we have taken of the case, it becomes unnecessary to consider the evidence. The record discloses the fact that a preliminary motion was made in defendant's behalf to dismiss the action upon the ground that the trial court was without jurisdiction of the case, the subject-matter, or the person of the defendant. This motion was denied, and an exception was preserved to such ruling. The jurisdiction of the trial court over the subject-matter of the case and over the defendant's person was likewise challenged by the answer of the defendant.

We regard the legal question presented by the motion to dismiss, involving, as it does, the question of jurisdiction, as being vitally important and decisive of the case. The action was commenced by the service of a summons and complaint, and was tried below under the statute governing the procedure in cases tried in the District Court without a jury. Section 5630. The complaint charges the defendant with the commission of a felony, viz: that of forging a promissory note; and further alleges that the defendant, while holding said office, has been guilty of misconduct, malfeasance, and misdemeanor in office by divers acts, which are set out in detail; and finally charges as a ground of action that the defendant is grossly incompetent to discharge the duties or exercise the powers of said office. The complaint does not attempt to allege any fact or facts tending to show that the plaintiff has any special interest in removing, or causing the removal, of the defendant from said office which is peculiar to himself, nor is there an allegation in the complaint that the plaintiff has any special interest in the action as against the defendant. There is neither allegation nor claim to the effect that any other person than the defendant has any right, title, or claim to said office; but, on the contrary, the complaint shows affirmatively that the defendant was lawfully installed in said office, and now exercises its powers, by virtue of his election by the people, and his qualification for the office in manner and form as the law directs. It is nowhere alleged in the complaint that any of the acts or omissions of the defendant which are set out as grounds of action are of such a character as to work a forfeiture of said office under the provisions of any law. On the contrary, the grounds of the action, as set out in general terms in the complaint, are such grounds of removal from office as are enumerated in sections 361, 7824, 7838, Rev. Codes. And the relief demanded is simply that the defendant be removed from office, and that the costs of the action be awarded to the plaintiff. Upon these averments of fact, the broad question arises whether a private person, not having any special interest in the action which is peculiar to himself, may, at his election, institute a civil action to remove a county officer from his office, and do this without the sanction or co-operation of any other person whomsoever or of any official. If this can be done, it certainly constitutes an innovation upon the

practice, and that, too, of a startling nature. Our attention has not been called to any case reported in the adjudications which lends its sanction to any such practice, in the absence of express statutory permission to do so. But counsel for the appellant cited sections 361, 362, Rev. Codes 1899, as direct authority in support of the right of a private person to bring an action in his own name to remove from office. It must be conceded that section 362, standing alone, and construed without regard to other provisions of the Codes relating to removals from office, tends to sustain the counsel's contention. But a well-settled rule of construction requires the courts to construe a given statute with reference to, and in connection with, all other provisions of the statute law bearing upon the same subject-matter. Conforming to this familiar rule, we are required to examine other sections of the Codes relating to the matter in question. Sections 361-364 are found in the Political Code, and neither of said sections undertakes to provide any legal machinery or manner of procedure whereby an action to remove an officer can be either commenced or conducted when commenced. On the contrary, section 361 declares, in terms, that the removal from office on the grounds named in said section shall be accomplished "in the manner provided in the Codes of Civil or Criminal Procedure." This language is plain as to its requirements, so far as the procedure is concerned in this class of cases. Its mandate is that the procedure to remove an officer must be found either in the Code of Civil Procedure or in the Code of Criminal Procedure.

This statutory provision is the same, in substance, as those found in section 1388, Compiled Laws, and it may be well to consider just here what provisions were made under the Compiled Laws for the removal of county officers. Turning, first, to the Code of Civil Procedure (Comp. Laws, § § 5345-5361), we learn, by section 5345, that "the remedies formerly attained by the writ of *scire facias,* the writ of *quo warranto,* and proceedings by information in the nature of *quo warranto,* may be obtained by civil actions under the provisions of this chapter." This substitutionary remedy, however, did not enlarge the scope of the relief attainable by the special proceeding, which was swept away by this section. On the contrary, the relief in the form of a civil action is, in terms, limited to such as was previously attainable under the provisions of the same chapter of the Code, viz: chapter 26; and this chapter, at the time the Laws of 1887 were compiled, embraced all the provisions found in the Civil Code relating to, or providing in any manner for, the removal of officers from office.

The inquiry, therefore, is whether, under this chapter, an action could lawfully have been instituted by a private person in his own name, or by county commissioners in the name of the county. This question, in our opinion, should receive a negative answer, under section 5348, Comp. Laws, as to an action to remove a person who had intruded into or usurped an office, or who unlawfully held or exercised an office, or against an officer who had "done or suffered

an act which, by the provisions of law," operated to work a forfeiture of his office. No such action could lawfully be brought by a private person in his own name, nor by county commissioners in the name of the county. Section 5348 explicitly required that all such actions should be brought by an official representative of the territory, viz: by a "district attorney," and moreover, should be brought in the name of the territory. It is true that a person having a special interest in the question to be determined could be named as a co-plaintiff with the territory, but this permissive feature of the statute does not militate in the least against the proposition that such actions could not be brought by or in the name of either a private person or a county.

Turning, now, to the Code of Criminal Procedure, as it existed in 1887, we discover that Code also elaborated a manner of procedure whereby certain officers, including county officers, could be judicially removed from office. Sections 7080, 7095, Comp. Laws. But said Criminal ·Code required that an action of this character should be instituted in the form of a written accusation presented by a grand jury; and, further, that such action should be prosecuted by an impartial public prosecutor, viz: by a district attorney. This Code also made provision for the removal of officers as a part of the punishment prescribed in certain cases after a regular trial and conviction was had under the statutes regulating the procedure in criminal actions proper. But nothing can be clearer than the fact that in the Compiled Laws of 1887 no provision was made in the Criminal Code whereby an action to remove an officer could be commenced either in the name of a·county or a private person.

This review of the Code provisions relating to the judicial removal of officers, as embraced in the Compiled Laws, constrains this court to conclude that the broad declaration found in section 1388, Comp. Laws, to the effect that an action to remove an officer could be brought either in the name of a private person or in the name of a county, was emphatically in the nature of a promise made in the ear only to be broken to the hope. No such action could be brought in 1887, either under the Civil or the Criminal Code then existing, as we have seen that another section declared, in effect, that the "proceedings" in such actions should be governed by the Civil or Criminal Code. Section 1388 is certainly not self-executing. Such provision does not purport to prescribe the procedure which is to govern any such action as it authorized to be brought. It therefore was, in 1887, an incongruous and nonenforceable statutory provision, and the same may be said with equal truth, and with the same emphasis, with respect to section 362, Rev. Codes 1899. Looking at the law as embraced in the Revised Codes of 1895, we find that the legislature by that Code made provision whereby a private person is enabled to institute a civil action in his own name, under the circumstances set out in chapter 24 of the Code; but no provision is made therein, or elsewhere, in that Code, which authorizes, or which, in our judgment, will permit, an action to be brought by

county commissioners in the name of a county to remove an officer from office, or to declare a forfeiture of an office.

But the plaintiff in the case at bar has wholly failed to bring himself within the provisions of chapter 24 of the Revised Codes, and this for two independent reasons: First, the complaint shows affirmatively that the defendant is lawfully in possession of his office by virtue of being elected thereto and qualifying therefor, and hence the complaint necessarily shows negatively that the defendant has neither intruded into nor usurped said office, or that he unlawfully exercises its powers; and nothing of the kind is claimed. Nor does the complaint allege that the defendant has done or omited to do any act which, under section 5743, subd. 2, operates, *ipso facto*, to forfeit the office. Nowhere does the complaint state that the defendant has been convicted of any felony, or of any offense involving moral turpitude, or a violation of his official oath, so as to bring the case under the provisions relating to creating vacancies in office, as found in section 359, Rev. Codes. Nor is it alleged that either or all of the acts set out as grounds of action operate under any provisions of law to which reference is made to work a forfeiture of office, without a previous conviction in a criminal action. It is true that, under certain provisions of law, particular acts done or omitted by an officer operate to work a forfeiture of office in advance of, and without regard to, a conviction and sentence in a criminal action. This class of acts furnishes original grounds of action, under said section 5743. This distinction is pointed out in *State* v. *Wilson*, 30 Kan. 661, 2 Pac. Rep. 828, and cases cited. But, as has been said, the complaint in this case places no ground of forfeiture under any provision of law. Nor has the plaintiff set out any facts showing that he is entitled to be inducted into the office, which allegations would be essential in an action brought by a private person, under chapter 24. See section 492, Mechem, Pub. Off. We have seen that, under the amendments introduced by the Codes of 1895, a private person may bring an independent action in his own name, under chapter 24, under the circumstances set out in the amended Code. See section 5742. But this plaintiff is not in a position to avail himself of the new and important privilege conferred by said section. Plaintiff omits to allege that he has any "special interest in the action" as against the defendant. See section 5743, Rev. Codes 1895. 1899. This omission is clearly fatal, inasmuch as it appears that the action can be regarded only as a civil action brought to remove a county officer in the name of an individual plaintiff, who is an intermeddler, and has volunteered to champion the rights of the state or the public in a case where he has no special interest in the action or in the results of the action. Chapter 24, as amended, does not lend any sanction to an action so brought. An action to declare an office vacant, or to oust an intruder, is primarily and historically an action instituted by the sovereign authority, and, in the absence of statute, no such action can be prosecuted by a private person in his own

name, who fails to show a special interest in himself as against the defendant. This proposition has the support of a decided weight of authority. We cite only a few cases. See *Barnum* v. *Gilman*, 27 Minn. 466, 8 N. W. Rep. 375. In the case of *Vrooman* v. *Michie*, 69 Mich. 42, 36 N. W. Rep. 749, Mr. Justice Campbell, speaking for the court, used the following language: "No private citizen has any right to compel an officer to show title until he has shown his own right in the first place to attack it. In such a controversy it is manifest that a plea showing the relator has no rights is as appropriate as one setting up title in the respondent." See *Miller* v. *Town of Palermo*, 12 Kan. 21.; *State* v. *Stein*, 13 Neb. 529, 14 N. W. 481; *State* v. *Boal*, 46 Mo. 528. But in this connection it is very important to discriminate as between actions brought by a citizen and taxpayers to vindicate a public right. Under a decided weight of modern authority, this can be done in many cases, and such is the established rule in this state. But actions brought under chapter 24 of the Code of Civil Procedure are exceptions to this rule, and made such by the terms of section 5743, as above explained. But in this case the complaint would be insufficient, under the more liberal general rule, for the reason that it omits to state that the plaintiff is either a citizen of the state or a taxpayer therein; but this fault could have been cured by amendment, and does not, therefore, go to the jurisdiction.

But, secondly, this action will not lie because it appears affirmatively by the complaint that it was not brought under chapter 24 of the Civil Code, but was distinctively brought to remove the defendant from office upon statutory grounds of removal. The grounds of the action are grounds of removal from office *eo nomine*, as set forth in the constitution and statutes of the state. See Const. § 197; Rev. Codes, § § 361, 7824. As has been said, the relief demanded is only that the defendant be removed from said office, with costs of the action. Therefore the grounds of action and the prayer for relief alike denote the theory of the action entertained by the plaintiff, and also the specific purpose of the suit; and this presents the legal question whether a civil action will lie, under the general provisions of the Code of Civil Procedure, in the name of a private person, to remove a county officer from office, on the special grounds enumerated in the statute, in any case where the right to remove is not based upon the ground that the defendant has intruded into or usurped the office, or unlawfully exercised its powers, and where no facts are stated tending to show that the defendant has done or suffered an act which operates to forfeit his office under express provisions of law. We are satisfied, under well-settled legal principles, that such an action will not lie in this state, and we place this ruling primarily upon the general ground that the legislature has devised particular modes and methods of removing all public officers of this state, and which modes and methods, in our opinion, are exclusive. See Rev. Codes, § § 110, 136, 7796-

7838, inclusive. The special legislation machinery for removing officers includes, among others, removals by the governor, removals by impeachment, removals by a criminal action based upon an accusation presented to the District Court by a grand jury, and, finally, a removal by a civil proceeding of a summary nature conducted in the District Court. It is significant, too, that none of these modes of removal can be resorted to without the co-operation of some representative of the public, and this harmonizes with the primary rule governing such actions at the common law. In removals by judicial proceedings, under these statutes, the public is represented by the state's attorney, and, unless a jury is waived, no removal can be accomplished by such proceedings without the intervention of a jury. And just here it may be proper to note the fact that the defendant demanded a jury trial, and the same was denied in the District Court. The further fact is significant that, under the legislative methods relating only to removals from office, no judgment can extend to a fine, but is limited either to a removal with the costs of the action, or to such removal coupled with a clause disqualifying the accused from holding office. If the rule should be established in this state that a private individual having no special interest in the matter may, without let or hinderance from any officer or public representative, institute a civil action to remove an officer upon the grounds of removal enumerated in the constitution and statute, it follows, of course, that such a removal from office may be accomplished, not only by diverse methods, but also without any of the safeguards which the law is careful to throw around such officer, including the right of trial by jury. A civil action, under the Code, is not to be tried by a jury, except in the cases named in the Code of Civil Procedure, and these do not include an action to remove an officer. The practical results of such a holding, in our opinion, would very likely be that all actions thereafter commenced for the removal of officers would be civil actions, to the exclusion of those actions and proceedings which have been especially elaborated by the lawmaker to accomplish the same result. We cannot lend our sanction to any such unjust and absurd conclusion as that would be suggested. Besides, it is well settled that *quo warranto* will not lie when the causes of removal are prescribed by the statute, if the statute also prescribes a special mode of removal, which is adequate to the purpose. See *State* v. *Mc Lain* (Ohio Sup.) 50 N. E. Rep. 907; *State* v. *Dowland,* 33 Minn. 536, 24 N. W. Rep. 188; *State* v. *Hixon,* 27 Ark. 398; *Tarbox* v. *Sughrue,* 36 Kan. 225, 12 Pac. Rep. 935.

Counsel for the plaintiff has omitted to cite any sections of the Code particularly relied upon by him as governing the procedure which is to be had in this action. True, counsel says the action itself is brought under sections 361, 362, Rev. Codes; but in this connection counsel neglects to call the attention of this court to specific statutory provisions which govern actions brought under sections 361, 362. Counsel cites chapter 24, relative to *quo warranto*

remedies; also section 5181 of the Revised Codes, which abrogates the pre-existing forms of action, and the distinctions formerly existing between actions at law and suits in equity, and declares that one action, called a civil action, shall be resorted to in all cases for the protection of private rights and the redress of private wrongs. But in this connection the learned counsel has failed to advise this court as to the practical matter whether this action is to be governed in fact by chapter 24, or, on the other hand, whether we are to be guided by any clues relating to procedure which are suggested by the terms employed in section 5181. Counsel declares that neither chapter 24 nor section 5181 are restrictive in their terms, but this suggestion of counsel lends little aid to this court in solving the practical question of the remedy. We have seen that neither section 361 nor 362 undertakes to provide any legal machinery whereby actions can be instituted by a private person or in the name of a county, and also that whatever actions are to be brought pursuant to said sections must be conducted under provisions found in the Codes of Civil and Criminal Procedure. We have further ascertained that no provisions are found in any part of the Code of Civil Procedure which sanction any practice or procedure whereby a private suitor, who has no special interest in the action, may in his own name institute a civil action to oust an officer from his office, and it is transparently clear that the Criminal Code affords no such right. From this it follows, as already remarked, that section 362 is a dead letter, not self-executing, and incapable of practical enforcement. It must be conceded that there is no express inhibition found in section 5181 of the Revised Codes, or elsewhere in the Code of Civil Procedure, which in terms prevents the bringing of civil actions in the name of a county or of an individual for the purpose of ousting an officer on purely public grounds, and in the absence of private interests. Nevertheless, we are compelled to hold that such an inhibition is necessarily implied, and this for reasons already sufficiently explained.

In reaching our conclusions in this case, we have been influenced to a degree by the consideration that actions to remove public officers from the earliest times have been uniformly brought in the name of sovereign authority, and that, too, by the direct intervention of the official representative of such authority. Originally, such actions were brought with reference to the public interests alone, to the exclusion of merely private rights or claims. It is true that under modern statutes, which have been enacted chiefly to subserve convenience, private persons, having special and personal interests to protect, are permitted to join as co-plaintiffs in such actions. This state has gone a step further by enacting a statute which allows an action of this character to be instituted by an individual in his own name in cases where the plaintiff has a special interest in the action. But, in our opinion, the legislation of this state, when construed as a whole, evinces an unmistakably policy to conform to

the common-law theory of actions which are brought solely to protect public interests by removing officials from office. All statutes in this state which are enacted expressly to provide the legal machinery which is to control removals made by the courts carefully retained the safeguards which existed at common law, and which are best adapted to the protection both of the officer and the public, including the right of trial by jury. Nor have we overlooked the case of *Minnehaha Co.* v. *Thorne* (S. D.) 61 N. W. Rep. 688, which is a South Dakota case, and based upon the statute as it appears in the Compiled Laws. The grounds upon which we place our decision in this case seem not to have been presented in that case; but counsel and court alike assumed that section 1388, Comp. Laws, was enforceable, and that there were provisions in the Code of Civil Procedure specifying the manner in which such an action, instituted solely in the interest of the public, might be brought and prosecuted by a private person or by a county. Our investigations, however, have served to convince us that no such provisions exist, and, if there be any reasoning in the opinion of the learned Supreme Court of South Dakota that conflicts with our views, we can only express our regret, while adhering to our conclusions. Our conclusion is that this action will not lie, and that the District Court erred in denying the preliminary motion to dismiss the same. The judgment of dismissal should be affirmed, with costs of both courts to the defendant. It will be so ordered. All the judges concurring.