CENTRAL MAINE POWER COMPANY

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Kennebec.    Opinion February 27, 1915.

*Jurisdiction.    Local Action.    Motion to Dismiss.    Place of Detention.*
*Replevin.    Waiver.*

1.   The action of replevin is a local action, made so by statute, and must be brought in the county where the goods are detained.

2.   If a local action be brought in the wrong county, the error may be pleaded, or taken advantage of at the trial under the general issue, or if the error is shown on the face of the record, it may be reached by demurrer.

3.   A motion to dismiss an action of replevin brought in the wrong county is not regarded as a dilatory motion, and may be filed at any time.

On exceptions by plaintiff.    Exceptions overruled.

This is an action of replevin to recover a certain quantity of copper junk, alleged in plaintiff's writ to have been taken and detained by the defendant company at Fairfield, in the County of Somerset.    The writ in said action was returned to and entered in the Superior Court at Augusta, in the County of Kennebec, on the first Tuesday of April, 1914.    At the June term of said court, the defendant filed a motion to dismiss said action for want of jurisdiction.    The judge of said Superior Court granted the motion, to which the plaintiff excepted.

The case is stated in the opinion.

*H. D. Eaton,* for plaintiff.

*Andrews & Nelson,* for defendant.

SITTING:   SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, C. J.    Replevin for goods, which it was alleged were "taken and detained," and "held" at Fairfield, in the county of Somerset.    The writ was made returnable to the Superior Court for Kennebec County, and was answered to at the return term.    At

a later term, the defendant moved to dismiss the action, on the ground that the goods were detained in Somerset County and not in Kennebec County. The court granted the motion, and the case comes before us on the plaintiff's exceptions.

The plaintiff contends, first, that the action of replevin is properly a transitory action and may be brought in the county where either of the parties has its corporate residence, and secondly, that by Rule X of the Superior Court, pleas and motions in abatement or to the jurisdiction, must be filed within two days after the entry of the action, and that accordingly this motion was not seasonably filed. We think neither ground is tenable.

It was held in *Robinson* v. *Mead*, 7 Mass., 353, that an action of replevin is local in its nature. It was so held in *Ackerson* v. *Erie Ry. Co.*, 30 N. J. Law, 309, and in *McLeod* v. *C. & P. R. R. Co.*, 58 Vt., 727, and other cases.

But in this State there is a statute, R. S., Chap. 98, Sec. 9. "Actions of replevin of goods shall be brought in the county where they are detained." Under this statute replevin is a local action. The question is res adjudicata with us. *Pease* v. *Simpson*, 12 Maine, 261; *Cassidy* v. *Holbrook*, 81 Maine, 589. When a statute prescribes the county in which a particular kind of action shall be brought, the action is local. The statute makes it so. See *Blaisdell* v. *Walker*, 77 Maine, 459.

Some courts have held that the matter of the venue of local actions touches not the question of jurisdiction, but relates merely to a question of procedure, and that the defendant may or may not, as he chooses, take advantage of a wrong venue. It is his privilege, they say, and he must use his privilege within the limitations in time of pleas or motions in abatement. But that is not the rule in this State. Here the court has no jurisdiction of a local action brought in the wrong county. *Webb* v. *Goddard*, 46 Maine, 505. And if a local action be brought in the wrong county, the error may be pleaded, or taken advantage of at the trial, or if the error is shown on the face of the record, it may be reached by demurrer. *Hathorne* v. *Haines*, 1 Maine, 238; *Blake* v. *Freeman*, 13 Maine, 130; *Heath* v. *Whidden*, 29 Maine, 108; *Cassidy* v. *Holbrook*, supra.

On the other hand, transitory actions, which are personal actions brought for the recovery of money, whether they sound in contract or tort, in contemplation of law have no locality. Of such an action

the court has jurisdiction in any county. The matter of wrong venue is a question of procedure. The defendant may submit to jurisdiction in any county if he chooses. If he objects, he must do so by dilatory plea or motion seasonably filed. If he fails so to plead, he waives the objection. *Webb* v. *Goddard,* 46 Maine, 505.

In *Pease* v. *Simpson,* 12 Maine, 261, it was expressly held under a statute, in substance like the existing statute, that replevin is a local action. And it was also held that the action might be brought in the county where the original taking was, or in the county where the property was afterwards detained; in other words, it was held that the detention referred to in the statute as the ground of jurisdiction was not necessarily the last detention; it might be the first one, connected with the taking. But in the case at bar both the taking and the detention were alleged to be in Somerset County. We must conclude therefore that the court in Kennebec County has no jurisdiction of the suit.

Since the want of jurisdiction in this class of cases may be pleaded in bar or shown in bar under the general issue, evidently the motion to dismiss cannot be regarded as a dilatory plea or motion which must be filed within two days after the action is entered. Whenever the court discovers that it has no jurisdiction of a cause it is its duty to stop then. The discovery may come under a special plea in bar, or upon demurrer, or during trial. But the discovery once made judicially, the court can proceed no further. *Maine Bank* v. *Hervey.* 21 Maine, 38. It need not wait for a motion. It may act suo motu. *Powers* v. *Mitchell,* 75 Maine, 364. And we can see no reason, when the fatal error is discovered upon the face of the papers, why a motion to dismiss for want of jurisdiction is not a proper proceeding. See *Cassidy* v. *Cota,* 54 Maine, 380.

Further than this, since it is apparent that the plaintiff must go out of court when a trial is reached, he is not prejudiced, and cannot complain, because he has to go out earlier than he wished to. Exceptions cannot be sustained, unless the excepting party shows himself aggrieved. *Darling* v. *Dodge,* 36 Maine, 370; *Webster* v. *Calden,* 56 Maine, 204; *Allen* v. *Lawrence,* 64 Maine, 175; *Pullen* v. *Glidden,* 68 Maine, 559; *Smith* v. *Smith,* 93 Maine, 253.

*Exceptions overruled.*