A. C. LATHAM ET AL. v. SAMUEL W. LATHAM.

(Filed 10 September, 1919.)

1. **Venue—Statutes—Jurisdiction.**

The venue of a civil action is controlled by statute, and the procedure is not jurisdictional in the absence of statutory provision to that effect.

2. **Executors and Administrators—Actions—Venue—Statutes.**

Revisal, sec. 415, provides that the action against a deceased party may be continued by or against his representative or successor in interest, and Revisal, sec. 417, requires that, in such instances, the summons shall be returnable before the clerk and in effect the action shall be ready for a speedy trial, thus recognizing the continuity of the action and the trial thereof in which it had been brought; and Revisal, sec. 421, relative to actions against the administrator or personal representative of a deceased defendant, or any surety, etc., does not control the venue in such matters.

3. **Statutes—Interpretation—Changes of Phrases.**

The sections of the Revisal upon the same subject-matter must be construed in connection with each other, as a whole and not in part, in order to ascertain the legislative will, when apparent inconsistencies are to be reconciled; and a change of phraseology may raise a presumption of a change of meaning.

4. **Same—Venue—Executors and Administrators—"Instituted"—Statutes—Actions.**

Revisal, sec. 421, as to the venue of an action upon official bonds and against executors and administrators, requiring that such actions shall be "instituted," that is commenced, in the county therein specified, has no application where an action has been commenced in another county against a defendant, who has since died, and his administrator has been made a party, the word "instituted" used in this section being different from that used in the other sections of the Revisal that specify where the actions are to be "tried." Revisal, secs. 419, 420.

APPEAL by Carrie W. Hancock, Exrx., from *Devin, J.,* at April Term, 1919, of BEAUFORT.

This was a civil action instituted in the Superior Court of Beaufort County, in October, 1916, to recover for alleged conversion by Samuel W. Latham of the proceeds of the sale of certain lands. The action was commenced in the right county.

Complaint was filed 27 December, 1917. No answer was filed.

Shortly thereafter, on the ........ day of ................, 1918, Samuel W. Latham died, leaving a last will and testament, naming Carrie W. Hancock executrix without bond.

The will was probated in Craven County and Carrie W. Hancock qualified as executrix.

At October Term, 1918, an order was made directing that said Carrie

W. Hancock, as executrix and individually, be made a party defendant to the suit. Pursuant thereto summons was issued returnable to November Term, 1918.

At November Term, 1918, Carrie W. Hancock, executrix, appeared and filed her motion to remove the suit to Craven County, as a matter of law, under the provisions of Revisal, sec. 421. The motion was denied, and the executrix appealed.

*E. A. Daniel, Jr., and Small, MacLean, Bragaw & Rodman attorneys for plaintiff.*
*Guion & Guion and Moore & Dunn attorneys for defendant.*

ALLEN, J. The venue of civil actions is a matter for legislative regulation, and is not governed by the rules of the common law. *Cooperage Co. v. L. Co.,* 151 N. C., 456.

It deals with procedure and is not jurisdictional, in the absence of statutory provision to that effect. *McCullen v. R. R.,* 146 N. C., 568.

When we turn to the statutes we find in Revisal, sec. 415, that in case of death of a defendant the court "may allow the action to be continued by or against his representative or successor in interest," and section 417 requires the summons to the personal representative to be returnable before the clerk, and not in term, "Commanding him to appear before him on a day to be named in said summons, which shall be at least twenty days after the service thereof, and answer the complaint, and the issue joined by the filing of the said answer shall stand for trial at the term of the Superior Court next following."

These sections clearly recognize the continuity of the action and the right to have it tried where instituted, and to avoid delay the personal representative must appear before the clerk and answer so that the issues may be tried at the next term, thus showing that no right of removal was contemplated, because of the requirement to answer and be ready for trial before the term at which he would have to make his motion to remove.

The executrix says, however, that the question is controlled by Revisal, sec. 421, which is as follows: "All actions upon official bonds or against executors and administrators in their official capacity shall be instituted in the county where the bonds shall have been given, if the principal or any of the sureties on the bond is in the county; if not, then in the plaintiff's county."

This section must be construed in connection with the other sections of the Revisal, the whole and not a part representing the legislative will (36 Cyc., 1167), and apparent inconsistencies must be reconciled,

and when so considered it must be held that the latter section refers to original actions instituted against the personal representative, as its language, standing by itself, indicates.

It says that actions against executors and administrators "shall be instituted in the county, etc.," not tried; and "institute, when applied to legal proceedings, signifies the commencement of the proceedings, when we talk of instituting an action we understand bringing an action." Words and Phrases, Vol. 4, 3661.

A similar question was considered in *Trust Co. v. Kauffman,* 108 Cal., 222, in which a local action was brought in the proper county, but before trial the subject-matter was transferred by legislative act to another county, and a motion to remove to the latter county was made. The motion was denied, and the court, in its opinion, uses language very pertinent in the construction of the statute now before us. It says: "The Constitution, Art. VI, sec. 5, declares that 'All actions for the enforcement of liens' shall be commenced in the county in which the real estate or some portion thereof is situated; and at the time this action was 'commenced' the property was situated within the boundaries of San Diego. The Constitution does not, however, require that the action shall be 'tried' in the county in which the property is situated."

The same principle was applied in *Blake v. Freeman,* 13 Me., 134; *University v. R. R.,* 49 Wis., 161, and in *Hannan v. Power Co.,* 173 N. C., 522, the Court saying in the latter case, "The question of venue is governed by the laws at the commencement of the action."

It is also a rule of construction that a change in phraseology when dealing with a subject raises a presumption of a change of meaning, and it appears that the General Assembly, when providing for the commencement and trial of actions, says, in section 419, "actions for the following causes must be tried in the county, etc."; in section 420, "actions for the following causes must be tried in the county, etc.," while in section 421, on which the executrix relies, nothing is said about the place of trial, and the language changes from "shall be tried" to "shall be instituted."

We are of opinion the motion to remove was properly denied.

Affirmed.