[File No. 6474.]

STATE OF NORTH DAKOTA, Respondent, v. HAROLD OSEN,
Doing Business as the Wahpeton Floral Company, Appellant.

(272 N. W. 783.)

Opinion filed April 16, 1937.

*Forbes & Forbes,* for appellant.

*P. O. Sathre,* Attorney General, and *Milton K. Higgins,* Assistant Attorney General, respondent.

BURR, J. The plaintiff, for and on behalf of the workmen's compensation bureau, brought action in the district court of Burleigh county to recover from the defendant, a resident of Richland county and engaged in business therein, premiums and accrued penalties alleged to be due from defendant as an employer. Within due time defendant made demand for change of the place of trial to the county of his residence. Demand was refused. The district court of Burleigh county denied a motion for change of venue, and from this order the defendant has appealed.

Under the provisions of chapter 315 of the Session Laws of 1931 an employer in default in the payment of his premiums is subject to penalties, and the statute provides that

"Within twenty (20) days after any such default the Bureau shall *cause suit to be brought* for the collection of the premium and accrued penalties, together with further accruing penalties, in the courts of Burleigh County, North Dakota, or in the courts of any county in which such employer is engaged in business; . . . ."

It is the contention of appellant that this statute cited does not modify in any manner the general law with reference to the *place of trial* of civil actions.

The term "cause suit to be brought" as used in the statute means merely "commence" or "begin." Ledonne v. Commerce Ins. Co. 307 Pa. 1, 160 A. 612; Kaeiser v. Illinois C. R. Co. (C. C.) 2 McCrary, 187, 6 F. 1, 4; Hames v. Judd, 16 Daly, 110, 9 N. Y. S. 743, 744, note. It does not necessarily include the idea of prosecution or trial. Eastland v. Owen (Tex. Civ. App.) 49 S. W. (2d) 534, 535; and though this latter case cited was reversed (124 Tex. 419, 78 S. W. (2d) 178) it was not on this point but on what constituted commencement. Such term has the meaning usually attached to the terms "begin" or "commence" as used in statutes of limitation as to time and are used

interchangeably. See Hannaman v. Gordon (Tex.) 261 S. W. 1006, 1008.

The term "suit" as used in this statute is a comprehensive one and is synonymous with "action." It is the proceeding brought to enforce collection of the claim. See Philadelphia & R. Coal & I. Co. v. Chicago, 158 Ill. 9, 41 N. E. 1102, 1103; Kuhl v. Chicago & N. W. R. Co. 101 Wis. 42, 77 N. W. 155, 159.

Sections 7415 to 7419 of the Compiled Laws deal with "the place of trial of civil actions." The law governs the place where the action is brought and the place where the action must be tried. They are separate propositions. These sections provide that in such a matter as the collection of money due, "The action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action; . . . ." (§ 7417).

Were it not for the limitation in this chapter 315, the bureau could have brought this action in any county in the state and the action would be triable therein unless a change of venue was demanded, as § 7418 provides: "If the county designated for that purpose in the complaint is not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial be thereupon changed. . . ." See Agricultural Credit Corp. v. Land Invest. Co. 66 N. D. 343, 347, 265 N. W. 410.

Change of place of trial under this section is mandatory when the defendant has brought himself within the terms of the statute. State v. Bloom, 49 N. D. 224, 190 N. W. 812; Clark v. Cleveland, 60 N. D. 460, 235 N. W. 342; Huber v. Wanner, 62 N. D. 303, 243 N. W. 661; Ott v. Kelley, 64 N. D. 361, 252 N. W. 269; First Nat. Bank v. Rohlik, 66 N. D. 72, 75, 262 N. W. 458.

An action for the recovery of money only is ordinarily transitory in nature and in contemplation of law has no locality. Central Maine Power Co. v. Maine C. R. Co. 113 Me. 103, 104, 93 A. 41, 42.

At common law all actions, local or transitory, were tried where the fact arose. Later, distinction arose between local and transitory and the latter followed the defendant wherever he went. Then transitory actions were localized in a measure, and today the whole theory of

such actions is that if "both parties reside in the county the action must be brought there. . . . Otherwise the action follows the defendant." Haynes v. Woods, 151 Tenn. 163, 268 S. W. 632. To depart from this theory there must be a well defined purpose expressed.

The power of the legislature to say in what county a civil action is to be tried is undoubted. See People v. Syracuse, 128 App. Div. 702, 113 N. Y. S. 707. It is a matter of legislative regulation. See Bond v. Karma-Ajax Consol. Min. Co. 15 Cal. App. 469, 115 P. 254; Latham v. Latham, 178 N. C. 12, 100 S. E. 131; Allen v. Smith, 84 Ohio St. 283, 95 N. E. 829, Ann. Cas. 1912C, 611.

In Security Loan & T. Co. v. Kauffman, 108 Cal. 214, 222, 41 P. 467, 469, the court said, " 'the place of trial' is not an element going to the jurisdiction of the court, but is a matter of legislative regulation."

The statute limits the bureau to a choice between the courts of Burleigh county and the courts of any county where the "employer is engaged in business." Respondent urges that as without this statute the bureau could have brought the action in the courts of Burleigh county or of the county in which the employer was engaged in business, the legislature must have intended that the action should also be tried therein; otherwise the legislation is meaningless. But these are the counties where the necessary records of the plaintiff and the defendant will ordinarily be found; and so a limitation is placed. The employer is not to be harassed unduly nor dragged into any county the plaintiff may choose.

While the bureau is limited in its choice of counties, the statute makes no reference to the trial or the defendant's right to demand a change of the place of trial. It is not sufficient to infer the legislature must have intended to limit the place of trial also.

A statute specifying the place where an action is to be brought must be construed with reference to other statutes concerning the same general system of legislation. Where there is a general statute governing the place where an action *must be tried,* such statute is not amended or repealed by the enactment of a statute which says that an action must be "brought" in a certain county, unless this later statute can not reasonably be otherwise construed.

The statute does not refer to the place of trial as does the law dealing with jurisdiction of justices of the peace (Comp. Laws, § 9017) which states where "a civil action in justice's court must be commenced and tried. . . ." Even if the constitution of a state provides where an action involving "recovery of the possession of land must be commenced," this does not prohibit a change of place of trial. As shown in Hancock v. Burton, 61 Cal. 70, construing such a constitutional provision, it "does not provide that the action must be tried, but simply that it must be commenced in the county in which the land is situated. . . ." Again, in Security Loan & T. Co. v. Kauffman, supra, the same court said that because the constitution declared certain actions "shall be commenced" in certain counties, the "constitution does not, however, require that the action shall be 'tried' in the county. . . ." See also Duffy v. Duffy, 104 Cal. 602, 38 P. 443.

We can readily differentiate California S. R. Co. v. Southern P. R. Co. 65 Cal. 394, 4 P. 344, 345, which holds, in an action in eminent domain, the word "brought" when referring to the place where the action must be commenced means "something more than that the proceeding must be commenced in such Superior Court," for there the court was dealing with a condemnation action and says, "There are strong reasons why such proceeding should be had in the county where the land sought to be condemned is situated."

The law specifying where the action should be "brought" coincided with the law specifying where an action involving land should be "tried."

Respondent nowhere contends that the statute authorizing change of venue for the convenience of witnesses is not applicable to such an action as this and we see no reason for assuming, in the absence of express legislation to that effect, that the legislature intended by the enactment of this chapter 315 to abrogate the general law authorizing change of place of trial to the county of defendant's residence on other grounds. Neither of the counties to which the bureau is limited may be the county in which the employer resides, and there is no intimation in this chapter 315 that the general law with reference to change of venue has been suspended in such a case as this. Unless the statute involved is so unambiguous as to permit but one

reasonable interpretation, then it must be construed in connection with other legislation covering the same general subject. Wishek v. Becker, 10 N. D. 63, 66, 84 N. W. 590; Murray Bros. v. Buttles, 32 N. D. 565, 156 N. W. 207; North Fargo v. Fargo, 49 N. D. 597, 192 N. W. 977.

Significance attaches to the difference in the language used—between "must be commenced in a certain county," "may be commenced and maintained," and "commenced and tried." Section 7415 of the Compiled Laws provides that certain actions *"must be tried* in the county in which the subject of the action . . . is situated;" § 7416 provides that certain actions *"must be tried* in the county where the cause or some part thereof arose;" and § 7417 provides that the "action *shall be tried* in the county in which the defendant . . . resides." This chapter 315 says *"cause suit to be brought."* In Latham v. Latham, 178 N. C. 12, 100 S. E. 131, supra, the court said, "It is also a rule of construction that a change in phraseology when dealing with a subject raises a presumption of a change of meaning" and calls attention to the difference in language used by the General Assembly "when providing for the commencement and trial of actions." In certain sections the General Assembly of North Carolina provided that certain actions "must be tried in the county," whereas in another section, as the court says, "the language changes from 'shall be tried' to 'shall be instituted'." The court considered a statute which provided an action upon official bonds of executors "shall be instituted in the county where the bonds shall be given" and held such language did not include "trial" as "institute" meant simply "the commencement of the proceedings."

To give to this law the interpretation advocated by the plaintiff might cast some doubt upon the constitutionality of the statute as by § 69, subdivision 8 of the Constitution the legislative assembly is forbidden to pass local or special laws "providing for changes of venue in civil or criminal cases." We are not inferring that proper interpretation would classify this statute as a "local or special" law. Nevertheless, the court should give the law such interpretation as will remove possibility of doubt.

The law dealing with the *place of trial* is still intact. Subsequent

legislation does not amend it unless there be such "positive repugnancy between the provisions of the new law and the old (as), to work a repeal by implication; and even then the old law is repealed only to the extent of such repugnancy." Schaffer v. State, 202 Ind. 318, 324, 173 N. E. 229, 231. No such repugnancy exists.

Chapter 315 of the Session Laws of 1931 does not prevent a change of the place of trial to the county where defendant resides, and therefore his motion should have been granted.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and MORRIS, JJ., concur.