[File No. 6215.]

TOLLEF HALVORSON, Respondent, v. G. O. HAUGEN and Georgie Haugen, Appellants.

(253 N. W. 751.)

Opinion filed March 24, 1934.

*Schneller & Schneller,* for appellants. (*Burdick & Burdick,* of counsel.)

*Martin Scramstad,* for respondent.

CHRISTIANSON, J. This is a statutory action to determine adverse claims. The complaint contains the usual averments in such action. The answer is in effect a general denial. There is no allegation in the complaint as to the source of plaintiff's alleged title. On November 19, 1932, the trial court entered an order to the effect that whereas it "appeared to the court that in the above entitled action the validity of a tax deed is questioned by the defendants, and whereas the plaintiff gave notice" at the opening of the term that he would demand a deposit as required by chapter 288, Laws 1931, it is ordered that the defendants or either of them, on or before December 20, 1932, "deposit in court for the benefit of the plaintiff, the sum of $900.00 as principal, together with the costs and disbursements of the plaintiff in this action to this date, fixed by the court at the time to be the sum of $34.50."

On the 21st day of December, 1932, the plaintiff and the defendants appeared by their counsel and a hearing was had before the district court. At such hearing testimony was adduced on the part of the defendants, tending to show that the property in question constituted their home and that it was worth approximately $3,000.00. After such hearing the trial court made an order extending to January 21,

1933, the time within which the defendants might make the deposit directed to be made by the order of December 20th, and further directed the defendants to make a deposit of $50.00 to be paid to the plaintiff as terms for the granting of the extension. The only reasonable inference to be drawn from the record is that the terms so imposed were paid. On January 26, 1933, the court made an order for judgment reciting the entry of the two former orders and further reciting that it appeared to the court that the deposit of $934.50 formerly ordered, had not been made. The court further ordered that the answer of the defendants be stricken from the files. The order for judgment further recites that plaintiff thereupon adduced evidence. Judgment was ordered in favor of the plaintiff quieting title in the plaintiff and adjudging all claims of the defendants in and to the property to be null and void. Judgment was entered accordingly and the defendants appealed from the judgment.

In our opinion the judgment rendered is erroneous and must be reversed. The statute under which the court ordered the defendants to make a deposit reads as follows:

"Whenever in any action at law or in equity, the validity of any such tax deed is questioned, upon the pleadings or otherwise, such action shall not proceed until the party assailing such deed shall within such time as the Court shall deem reasonable deposit in Court for the benefit of the party claiming thereunder, an amount equal to the sum paid by said party to the county for the purchase of the property covered by the tax deed together with costs and disbursements of the action then incurred by the party claiming under such deed."

This statute does not authorize the court to strike out the answer of a person who fails to make a deposit which the court requires to be made. It merely provides that the action "shall not proceed" until the deposit has been made. It is one thing to order that an action shall not proceed and quite another to order that an answer be stricken and that the answering defendant, in effect, be denied an opportunity to present his defense. The statute is a harsh one. It provides a procedure formerly wholly unknown in our jurisdiction. It fixes the consequences attendant upon the failure to make a deposit and that is not the striking out of a pleading, but a postponement of the hearing of the action until a deposit is made. It should not and cannot be assumed

that the legislature intended that any consequences other than those prescribed in the statute should follow upon the failure to make the deposit. We are all agreed that the legislature did not intend that the failure to make the deposit should have any result other than that prescribed in the statute, namely, a postponement of the trial until a deposit is made.

It is said that in a case like the one at bar the remedy provided by the statute to compel the deposit would be ineffective. This, of course, is a matter for legislative and not for judicial consideration. The legislature has prescribed both the rule of action and the method for enforcing it. Neither the rule nor the method of enforcement may be extended by judicial interpretation.

It follows that the judgment appealed from must be and it is reversed and the cause remanded for further proceedings conformable to law.

BURR, Ch. J., and MOELLRING, NUESSLE and BURKE, JJ., concur.