[File No. 6772]

HORACE P. FISH and E. J. Olson, Respondents, v. H. H.
FRANCE, Jacob Frank and Dan Rath, as the Board of County
Commissioners of Logan County, North Dakota, and Philip
Kroeber, as County Auditor of Logan County, North Dakota,
Appellants.

(2 NW(2d) 537)

500

Opinion filed January 9, 1942.   Rehearing denied February 27, 1942

*August Doerr,* State's Attorney, and *C. F. Kelsch,* Assistant Attorney General, for appellants.

*Pearce & Stephan* and *A. R. Bergeson,* for respondents.

Burr, Ch. J.   Plaintiffs seek to enjoin the defendants from issuing

tax deeds to some sixty pieces of farm lands situated in Logan county, containing over 18,000 acres, and in their complaint allege the county sold said land for taxes; the county auditor is about to issue tax deeds to the county because of the alleged failure to pay taxes for the years 1930, 1931, 1935, 1937, and 1938; no valid levy of taxes was made by the board of county commissioners for the fiscal year beginning July, 1930; the sales based upon the taxes for the year 1931 are illegal and void because no sufficient levy was made; the actual amount of tax spread upon the records against the land that year was 1.4 mills in excess of the legal limit; the tax levy for the year 1935 was illegally excessive by reason of being .6 of a mill in excess of the legal limit; the total amount of tax levy for the year 1937 was illegal in being .66 mill in excess of the legal limit prescribed by law; and the tax levy for the year 1938 was 9.29 mills in excess of the total levy limited by law.

Further, they allege: "That all of the tax sales held in Logan County, North Dakota, purporting to sell the real estate hereinbefore described for the nonpayment of taxes for the years 1930, 1931, 1935, 1937 and 1938, are illegal, void and of no effect by reason of the facts aforesaid, and because the amounts alleged to be due against said lands and the amounts for which said tax certificates were issued were illegally excessive and more than an amount allowed by law.

"That all of the alleged tax sales of the real estate hereinbefore described held for the sale of said lands for the real estate taxes for 1930 to 1938 both inclusive, were illegal and are void and of no effect for the reason that no proper legal or valid notice of tax sale was issued or served as prescribed by law."

They further allege that the notices of expiration of the period of redemption "were not issued or served in the time or in the manner provided by law;" that in issuing the notices of expiration, the defendants illegally discriminated against the plaintiffs by issuing notices of expiration of the period of redemption as to the plaintiffs, and in refraining from so proceeding against many other lands in the county; "That the assessed valuations placed upon the lands . . . for the years 1930 to 1939 inclusive, are far in excess of the actual and true value of said lands and are arbitrary, discriminatory and confiscatory."

That they filed with the board a petition asking for abatement and reduction of taxes, and the board has failed to take any action thereon.

The plaintiffs, therefore, ask that the taxes levied for the years 1930 and 1931 be declared void, and pretended levy vacated and canceled, and all subsequent proceedings based on said taxes be declared void; that such portion of the taxes for the years 1931, 1935, 1937 and 1938 which are in excess of the legal limit of 8 miles for county purposes be declared void and canceled, and that all sales heretofore had or held because of the nonpayment of the taxes be declared void; that the amount of the taxes for the years 1930 to 1939, both inclusive, "be reduced to a figure commensurate with the actual and true value in money of the lands hereinbefore described, and that the assessments now of record be corrected in accordance therewith;" that all notices of the expiration of the period of redemption for the years 1930 and subsequent years be declared void, be vacated and canceled; and the defendants be restrained from issuing tax deeds, from taking possession of the land, and from taking tax deeds based upon any of the proceedings hereinbefore stated.

To this complaint the defendants demurred on the grounds:

"1. That the Court has no jurisdiction of the subject of the action.

"2. That the complaint does not state facts sufficient to constitute a cause of action."

This demurrer was overruled temporarily, and the defendants answered, setting forth that any cause or right of action which the plaintiffs had for the abatement of any tax charges based upon excessive valuations for the year 1938 and all prior years is barred by the statute of limitations, as set forth in chapter 276, of the Session Laws of 1931; that any cause of action that plaintiffs may have for the abatement in part of tax charges for the year 1938 and prior years has been barred by the sale of the lands for delinquent taxes; that the plaintiffs have not offered to do equity, and have failed to offer to pay or tender payment of any just taxes which have been levied and that were due and payable at the time of the commencement of the action; that "the attack made by the plaintiffs, upon the valuations of all of the real property described in the complaint is a collateral attack upon the assessment of such real property as the same were equalized by the

County Board of Equalization, and the State Board of Equalization. That the State Board of Equalization is a constitutional board and that its determination is not subject to a collateral attack, save and except where such board exceeds its jurisdiction and acted fraudulently, and that there is no allegation in the complaint that the State Board did exceed its jurisdiction or act fraudulently in equalizing the assessments of real property in Logan County, including the lands described in the complaint."

The case came on for trial, and at that time the parties stipulated as follows:

"At this time, for the purpose of the record and to simplify the issues by process of elimination, it is stipulated by and between the parties and their respective attorneys of record as follows:

"First: With reference to the assessment, that the plaintiffs do not challenge the validity of any of the assessments made for the years 1930 to 1939 relative to all of the property involved in the complaint; that by the term assessment as issued in this stipulation, we mean the fixation of the value of the property for the purpose of taxation; that the validity of the assessments is not challenged in this action, and that by the elimination whereof from this action the plaintiffs do not waive their right to challenge if they so determine the assessments hereafter. The point being that the elimination shall not operate as a bar or race of that issue. The proviso in this stipulation relative to the elimination of certain issues from the pleadings are likewise not to be construed to operate as a bar to any subsequent proceedings.

"Second: With reference to the tax levies; it is stipulated that the plaintiffs do not challenge the validity or legality of any tax levies for any years involved in the complaint save and except the years 1930 and 1931.

"Third: With reference to the extension of the taxes upon the taxes levied upon the tax roll of the County, there is no issue or challenge thereof made by the plaintiffs.

"Fourth: With reference to the notice of tax sale, the plaintiffs challenge both the sufficiency of the notice of tax sale relative to all of the property involved in the complaint and the legal sufficiency of the time and the manner of the service thereof.

"Fifth: With reference to the tax sale certificate, it is stipulated that the plaintiffs do not challenge the sufficiency of the form or substance of any tax sale certificate, original or subsequent, that may have been issued upon the sale of any or all of the premises described in the complaint, it being understood, however, that the plaintiffs do not waive the right to challenge the legality or sufficiency of the tax sale certificate if the proceedings preceding the issuance of such tax sale certificate, original or subsequent, were fatally defective. Another point with reference to the expiration of the notice of redemption—notice of the expiration of the period of redemption and the service thereof, the plaintiffs challenge the validity, legality and the manner of the service of all notices of expiration of the period of redemption involved in these proceedings.

"Finally, with reference to the tax deeds that have been issued, plaintiffs likewise challenge the validity of all tax deeds issued covering any of the real property described in the complaint. That is with reference, Your Honor, to confine the issue, if it has confined the issue on the part of the plaintiffs.

"We would like to stipulate on behalf of the defendants:

"First: It is stipulated that all of the property described in the complaint was subject to taxation in Logan County during the years during which it was assessed, and that none of it was exempt from taxation during all of said years.

"Second: It is stipulated that all of the taxes levied and assessed and spread against the property described in the complaint on the tax roll of the county whether merged in the tax sale certificate, original or subsequent, or in a tax deed, have not been paid by the plaintiffs.

"And it is also stipulated that upon the filing of a certified copy of deed or deeds from the Carlos N. Boynton Land Company to the plaintiffs that no issue will be raised as to the ownership of the lands described in the complaint by the plaintiffs.

"In the answer there was no showing of record of the ownership, and we didn't want to admit that, ( ?) if they were not the real parties in interest."

The record shows the Carlos N. Boynton Land Company, a corporation, is the owner of all of the lands involved; that the corporation

issued bonds and gave trust deeds to the plaintiffs for the use and benefit of the holders of the bonds; and plaintiffs allege that they have no money with which to pay any taxes which were lawfully levied, if any were lawfully levied.

The holders of the bonds are in no different position with reference to the levy of the taxes than would any mortgagee be. It is not claimed that the sixty pieces of land were assessed as one tract; the lands are described by section, township, and range the same as any other farm land is usually described. The holders could redeem by paying taxes on such portions of the land as they selected; and, in any event, they are in no different position than is a farmer who owns one quarter section and finds himself unable to pay his taxes, or the mortgagee who cannot secure a sufficient sum of money to pay taxes to protect his mortgage against a paramount lien.

When the case came on for trial, the issues were greatly simplified. The validity of the assessment for all of the years involved is conceded; the only levies attacked are those for the years 1930 and 1931; and while the third section of the stipulation is somewhat confusing, it is clear there is no challenge made as to the method of extending the taxes upon the tax rolls. The issue centers around the notice of tax sale as issued by the authorities and the vaildity of the notice of the expiration of the time of redemption.

Plaintiffs allege that they made application to the county commissioners for reduction and abatement of taxes under the provisions of chapter 225 of the Session Laws of 1939, and that the commissioners have taken no action thereunder. Such procedure on the part of the plaintiffs is unavailing to them, as chapter 225 of the Session Laws of 1939 is not applicable to the taxes involved, being prospective in its nature only. See Murray v. Mutschelknaus, 70 ND 1, 291 NW 118.

Plaintiffs assert the authorities discriminated against them in proceeding to take tax deeds to the land in question by attempting to give notice of the expiration of the time of redemption, and failing to take such steps against other delinquent taxpayers. There is little, if any, merit in this. The record is silent as to any such action by the board in this respect, even if failure on the part of authorities to seek tax titles to lands held by other parties could be said to be a discrimination

against owners of other lands upon which there were delinquent taxes. The auditor did testify as to his action based on an alleged order of some governor at some time relative to refraining from serving "notice of expiration of redemption on parties that lived within the state." This appears to be the sole basis for the charge of discrimination.

Defendants allege that this proceeding is barred by the provisions of subdivision 7, § 1, chapter 276, Session Laws of 1931. We do not think this chapter has any application to the case at bar. This subdivision permits the county commissioners to abate invalid, inequitable, or unjustly excessive taxes "if such application is filed on or before the first day of November in the year in which such taxes become delinquent;" and in such case the county commissioners are permitted to "abate any part thereof in excess of a just, fair and equitable assessment." The statute, however, does not make this provision exclusive, though it does make the provisions of the law retroactive.

Section 2193 of the Compiled Laws makes the certificate of sale "prima facie evidence that all requirements of law with respect to the sale have been duly complied with, and that the grantee named therein is entitled to a deed therefor after the time of redemption has expired. . . ." The same section then proceeds to specify under what conditions the sale may be set aside or held invalid. Here we find four grounds, one of which is "that notice of such sale as required by law was not given." The statute then proceeds to say, "in which cases, but in no other, the court may set aside the sale or reduce the amount of taxes."

The sole contention here is that the notice of sale was not given as required by law. With reference to this charge, it is clear the statute makes the certificate prima facie evidence that the requirements were complied with. The burden, therefore, is upon the plaintiffs to show that the required notice was not given. With respect to any other attack upon the sale, it is clear it is barred by the provisions of § 2193.

We had occasion recently to refer to the provisions of this section. In Anderson v. Roberts, ante, 345, 1 NW(2d) 338, recently decided, we showed that under this section, unless the defects relied upon are specified in the statute, "or are beyond the power of the legislature to remedy," they may not be asserted after the certificate has been issued.

There is insufficient proof to show that the notice of tax sale was not given as required.

The trial court found that the tax levies for 1930 and 1931 were void. This is based upon the record showing the resolution adopted by the board of county commissioners in 1930 and in 1931 in adopting a budget for general taxes, roads and bridges, and road work in unorganized townships. Just what was the specific objection is not shown, nor do we find any memorandum opinion throwing light upon the reasons assigned for this finding. That the county commissioners attempted to adopt a budget and make a levy thereunder is clear. The record does not show that any objection was ever made by the owners of this land, or anyone acting for them, until the commencement of this action. There was an attempt to set forth a budget. Clearly the commissioners acted; and even if the proposed budget be vague in its terms and not strictly in accordance with law, as claimed by the plaintiffs, nevertheless, it is too late for the plaintiffs to raise that question now. These proceedings taken prior to the levy were cured by failure to object, and by the subsequent proceedings. The stipulation shows that the property was properly assessed for these two years, and that the taxes attempted to be levied were properly extended upon the tax roll.

It has long been the settled policy of this state to refuse to have a tax set aside "for any irregularity or defect in form, or illegality in assessing, laying or levying such tax if . . . the property upon which such tax is levied, assessed or laid is in fact liable to taxation, unless it be made to appear to the court that such irregularity resulted to the prejudice of the party objecting, or that the taxes against such person or property have been partially, unfairly or unequally assessed, and in such cases the court may reduce the amount of such taxes and give judgment accordingly; the court shall also have power to amend and correct all irregularities or defects in the form or manner of assessment." Chap. 166, Session Laws 1903, being § 2201, Comp. Laws 1913.

Here it is conceded the property is liable to taxation. The defects complained of are mere irregularities, up to the time of the tax sale; and the trial court had the power to give judgment for the amount of

taxes which ought to have been paid. While such statute does not apply to defects of a fundamental character (State Finance Co. v. Bowdle, 16 ND 193, 196, 112 NW 76, 78; Grand Forks County v. Frederick, 16 ND 118, 112 NW 839, 125 Am St Rep 621; Northwestern Improv. Co. v. Oliver County, 38 ND 57, 63, 164 NW 315, 318), any alleged defects up to the time of the sale were not fundamental.

Courts, in the exercise of their equity jurisdiction, will interfere as little as possible with the action of the governmental authorities in seeking to collect and enforce the levy of taxes. It is chiefly upon taxation that the state depends for the means of carrying on the processes of government; and even if we assume the tax levy was illegal and void, a court of equity will not interfere with the collection if the taxpayer has any adequate remedy by the ordinary processes of law.

From the very beginning of statehood, this court has been confronted with these alleged vexatious methods employed by governmental officials. While a tax is a forced contribution from the owner of property for the purpose of maintaining government and furthering its objects, yet under a system of jurisprudence whereby the taxpayer, through his own representatives—the governmental officials—levies taxes upon himself, he cannot be permitted to set up that he has been discriminated against, or that the levy is excessive so as to avoid paying that portion of the tax which must concededly be correct. If every instance of alleged discrimination or excessiveness must first be disproved, then the process of government would be unduly hampered.

In Farrington v. New England Invest. Co. 1 ND 102, 45 NW 191, the broad rule of noninterference by courts of equity in tax proceedings is recognized, and we say, "Courts of equity should, in general, interfere to restrain the collection of a tax, or annul tax proceedings, only where it appears either that the property sought to be taxed is exempt from taxation, or that the tax itself is not warranted by law, . . . ; and, in addition, plaintiff must bring himself within some recognized head of equity jurisdiction; and in the absence of statutory provisions regulating the subject, as a condition to relief in equity, the applicant must pay or tender the amount of taxes properly chargeable against his property."

In the case at bar, it is conceded the property is subject to taxation;

it is shown that the taxes attempted to be levied were for the carrying on of the processes of government, and, therefore, were such taxes as were warranted by law; and the plaintiffs made no attempt whatever to pay or tender any amount that was properly chargeable, even though it be conceded that a portion of the taxes was excessive.

This same rule was cited and approved in Douglas v. Fargo, 13 ND 467, 101 NW 919. Therein the rule was amplified, and much attention was paid to the contention that the levy was excessive and exceeded the amount authorized by law. In this case cited, we say (13 ND 483, 101 NW 924), "Conceding that this (excessive levy) rendered the levy excessive and void, it brings the levy within the principle heretofore mentioned—that the legal amount due as taxes upon plaintiff's property was ascertainable."

This entire issue was before the court in a later case—Bismarck Water Supply Co. v. Barnes, 30 ND 555, 153 NW 454, LRA1916A 965, and it is sufficient for this case for us to set forth the syllabus therein set forth.

"1. Public policy demands that no needless restriction be placed upon the securing of the necessary means for conducting the government.

"2. As a general rule equity will not interfere by injunction with the enforcement or collection of a tax which is alleged to be illegal or void, merely because of its illegality, hardship, or irregularity, but, in addition thereto, facts must be shown to exist bringing the case within some recognized head of equity jurisprudence; otherwise the party aggrieved will be left to his remedy at law.

"3. As a general rule equity will not enjoin the distraint of personal property for a tax.

"4. Courts of equity are more reluctant to interfere with the collection of a state tax than with a tax levied by a municipality.

"5. An injunction wil not issue where legal remedies are, or have been, available.

"6. The complaint and evidence considered, and it is held that plaintiff is not entitled to injunctive relief."

The plaintiffs are not entitled to injunctive relief. The record shows that tax deeds were actually issued to the county pursuant to notice of

the expiration of the period of redemption, and this covered all of the land in question.

The trial court found that the tax deeds were void because of alleged defects in the notice of the tax sale, and because "The amounts set opposite each description of land . . . was a lump sum computed . . . by adding together the principal amounts and the penalty and interest" for the years 1930 to 1937 real estate taxes, "Which was all of the alleged and unpaid prior taxes together with all of the subsequent delinquent taxes since the time of the tax sale mentioned in the said notices of expiration of period of redemption, which was the sale held December 10, 1935."

The record shows just what were the taxes levied against each piece of property during each of the years. It was the duty of the plaintiffs to tender this amount before the court proceeded to determine what issues were in dispute so far as amounts were concerned. No offer to pay was ever made. This matter can be readily ascertained now.

The complaint alleges that all this property was sold at tax sale, and that tax certificates were issued to the county. This appears to be an undisputed fact. The stipulation challenges the sufficiency of the notice of tax sale; but it is expressly stipulated that the plaintiffs "do not challenge the sufficiency of the form or substance of the tax certificate."

This leaves for determination the question of the notice of the expiration of the time of redemption. While it is alleged that the county auditor is about to issue tax deeds, the record shows deeds were in fact issued before this action was commenced. But before the plaintiffs may enjoin the issuance of tax deeds upon these certificates of sale involved in this action, they must do equity by paying the amount of taxes which are shown by the certificates of sale to be due, together with such subsequent taxes, interest and penalty which may be collected according to law. This gives the plaintiffs the right to redeem their property.

The statute, § 2206, provides that such tax deeds "shall be conclusive evidence of the truth of all the facts therein recited and prima facie evidence of the regularity of all the proceedings from the assessment

and valuation . . . by the assessor up to the execution of the deed.
. . ."

The provision with reference to the evidentiary character of these certificates of sale precludes any further investigation of the matter prior to the issuance of the certificates of sale.

The tax deeds issued in this case under § 2206 of the Compiled Laws specifically recite, "The time fixed by law for redeeming the land herein described having now expired and proof of legal notice of expiration of the period of redemption having been filed in the office of the county auditor prior to the maturity of such certificate as provided by law, . . . "Now, therefore, . . ."

These deeds were issued after the issuance of notices of the expiration of the period of redemption, as shown by the numerous exhibits introduced in evidence. It is stipulated that these notices include all of the land involved in this action.

The attack upon the notice of expiration of the time of redemption is based upon the complaint that the amounts stated as necessary to redeem include more than the proper amount.

The auditor testified that in setting forth the "Total amount necessary to redeem" the quarter section specified, he added up the amount which he said was due "For the total number of years that were delinquent," and to this he added "interest and penalty and got this amount." For instance, in specifying the sum of $472.54, as the amount necessary to redeem a certain quarter section which had been sold for delinquent taxes, he not only included the delinquent taxes for the year for which they were sold, including penalty and interest, and delinquent taxes for subsequent years, but also the taxes due prior to the year of the delinquent taxes for which the land was sold, without specifying the amount of these extra delinquent taxes for the prior years; and he further testified that he did not know how much greater these additions were than the amount with penalty and interest for which the land was sold. From a computation which he made during a recess, the auditor said he would be able to state just what portion of this $472.54 would be for the subsequent years, and that substantially the same ratio would hold good for all of the other sales.

The notice of expiration of the period of redemption, as required

by. § 2202, Supp., requires the auditor to set opposite each description of real estate the amount for which the land was sold. The notice of expiration of the period of redemption, as given, specified that the land was sold at the tax sale held in 1935.

The statute, among other things, states that "Opposite each description of real estate appears the name of the record title owner thereof as it appears by the records in the office of the Register of Deeds of such county and also opposite each tract appears the amount which will be required to redeem from the effects of such tax sale at the expiration of the period of redemption including the amount for which the said land was sold, interest and penalty thereon, subsequent delinquent taxes prior to those of the year 19——, and penalties and interest thereon. (Here insert description of real estate, names of owners and amounts due.)"

The language of the statute is peculiar. Clearly, the "subsequent delinquent taxes prior to those of the year 19——" must mean taxes which became delinquent after the tax sale and prior to those of the year in which the notice of expiration was given.

The auditor, the only witness sworn, testified that this tax sale in 1935 was held for the delinquent taxes of 1934. These were the only taxes for which the land was sold in 1935, but that he included in his expiration notice all delinquent taxes prior to the year 1934, or, as he admitted, the figure was "arrived at by taking the 1930 up to the 1939 taxes." That is, he included taxes prior to 1934 for which the land was not sold at the tax sale in 1935. Consequently, the amount set forth as necessary to redeem should be the amount for which the land was sold at the sale in 1935 together with subsequent delinquent taxes and penalty and interest thereon.

It is clear that the notice of tax sale did not specify accurately the amount necessary to redeem. It is not a question of an error in computation or in figuring—that is, a clerical error. It is true that under the provisions of § 2186, Comp. Laws, taxes are a paramount perpetual lien on the real estate, but the notice of expiration of redemption must follow the requirements of the statute, and where the land is sold for the taxes of a certain year, and that year only, prior taxes that may have

been overlooked are not to be included in the notice of the expiration of the time of redemption.

It is conceded that the notice of the expiration of time for redemption in all cases contained the same erroneous computation, and there was no way to determine from the notice itself what was the exact amount necessary to redeem the property. Hence, there was no way whereby the plaintiffs could have tendered the amount that was in fact due. We determine, therefore, that no sufficient notice of expiration of time of redemption was given.

However, the tax deeds having been issued, they are a cloud upon the title to the land; but before the plaintiffs can be heard in this action, wherein they pray that the defendants may be enjoined from taking possession of the land under any tax deeds which may have been taken, they are required to do equity by tendering the amount of the taxes represented by the certificates of sale for the delinquent taxes of 1934, with penalty and interest thereon, and offering to pay the full amount of subsequent taxes as may be found to be due.

This is essentially an action in equity; and, as stated in Wagner v. Stroh, 70 ND 323, 331, 294 NW 195, 199, it will be time enough to determine whatever equities there are in favor of the plaintiffs in this regard when they offer to do equity. Until this is done, they can proceed no further in this action. The trial court can readily determine the amount of such subsequent taxes necessary to be paid.

It may be well, however, to point out that this determination does not dispense with the duty of the county auditor to issue a proper notice of the expiration of the time of redemption from the tax sale of 1935, nor deprive plaintiffs of their statutory right to insist on a proper notice being issued.

The judgment is reversed, and the case is remanded to the district court for further proceedings in accordance with law.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.

BURR, Ch. J. (on petition for rehearing). Respondents file a petition for rehearing, setting forth five points which they desire to have reconsidered. Rule 16 sets forth that a petition for rehearing "must not be a restatement or reargument of matters contained in the brief;" that

such petition must distinctly point out something which has been over-looked in the statutory provisions or the controlling principles of law, or that was not called to the attention of the court upon the argument or in the briefs.

We find nothing new in the petition for rehearing. However, in the petition, the respondents state: "We confess we do not clearly un-destand the present situation, based on the opinion of the Court. Under the former decisions of this Court the only effect of failure to tender is to postpone or delay the trial. Halvorson v. Haugen, 64 ND 476, 253 NW 751. As the case now stands, is the determination that the notices of expiration of period of redemption were invalid final, so that a mere tender or payment of the tax is sufficient to upset the sale, or is that a matter for further determination by the trial court? Is the county supposed to issue a new notice of expiration of period of redemption, and does the plaintiff have time from which to redeem the land? We assume from the last paragraph of the opinion that the county must issue a new notice."

In the opinion rendered, we point out distinctly "that no sufficient notice of expiration of time of redemption was given." We state further, "It may be well, however, to point out that this determination does not dispense with the duty of the county auditor to issue a proper notice of the expiration of the time of redemption from the tax sale of 1935, nor deprive plaintiffs of their statutory right to insist on a proper notice being issued." Therefore, the respondents are correct in assuming "from the last paragraph of the opinion that the county must issue a new notice."

It will be time enough to determine the effect of tax deeds which are now on record, and are at least a cloud upon the title, when the taxes which are due are paid or tendered. The district court will take care of all such matters at the proper time. The petition for rehearing is denied.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.